IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 16-144 |
| | : | |
| DAVID ROBINSON | : | |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                                                    **April  6, 2023**

Defendant David Robinson has filed a "Motion for Relief under Fed. R. Crim P. 60B and 59E for Summary Judgment" by which he seeks to set aside his current sentence as unconstitutional. Because Robinson's motion is in reality a second or successive motion under 28 U.S.C. § 2255 and Robinson has not obtained certification from the U.S. Court of Appeals authorizing its filing, his Motion for Relief shall be denied.

**BACKGROUND**

Robinson is a prisoner currently serving a 151-month sentence for bank robbery. *See United States v. Robinson*, 821 F. App'x. 141 (3d Cir. 2020). This sentence is the result of Robinson having been charged on April 7, 2016 in a grand jury indictment with two counts of bank robbery in violation of 18 U.S.C. § 2113(a) for his participation in two robberies on March 19 and March 21, 2016 of two PNC Bank branches in close proximity to one another on North Broad Street in Philadelphia. Robinson stole a total of $4,210. Robinson made no attempt to disguise himself during the robberies. He was recorded on surveillance cameras and observed by several individuals in the banks. On March 22, 2016, a Philadelphia police officer saw Robinson on the street; he was wearing the same clothes as pictured in the surveillance photographs of him

circulated by the FBI. Robinson was detained and two witnesses from the previous day's robbery immediately identified him as the perpetrator. Robinson pled guilty to both counts of bank robbery and was sentenced on August 28, 2019. He appealed but his sentence was affirmed by the Third Circuit on September 23, 2020.

Following his conviction, Robinson sought to vacate his sentence by filing a petition for habeas relief pursuant to 28 U.S.C. § 2255 on November 16, 2020. In that petition, Robinson argued, *inter alia*, he had ineffective assistance of counsel issues with Federal Defender Stuart Patchen, he was improperly charged with bank robbery because his method of robbery was not intimidating, and his sentence was improperly long based on a career offender status for prior offenses that are now treated differently under current law. That petition was denied on October 15, 2021. Robinson now advances three similar arguments pursuant to Rule 60(b).[1]

Although styled as a Rule 60(b) motion, "the function of the motion, and not the caption, dictates which Rule is applicable." *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). Rule 60(b) permits the court to relieve a party from a "final judgment, order, or proceeding" for newly discovered evidence or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6). If a habeas petition is at issue, a court must first determine whether a 60(b) motion is actually a "second or successive" habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). A

---

[1] Robinson's claims are analyzed as though they were made pursuant to Fed. R. Civ. P. 60(b) and directed toward the ruling on his previous habeas petition. Robinson's motion dated July 30, 2022, is titled "MOTION FOR RELIEF UNDER FED. R. CRIM. P. 60B AND 59E FOR SUMMARY JUDGEMENT." ECF No. 186. Construed liberally, Robinson is attempting to challenge the ruling on his previous habeas petition issued on October 15, 2021. Mem., ECF No. 174. However, any attempt to reopen a judgment pursuant to Rule 59(e) must be filed within 28 days after the entry of the judgment, which is not the case here. In contrast, a motion under Rule 60(b) must be made within a reasonable time and if on the grounds of fraud, mistake, excusable neglect, surprise, or newly discovered evidence, within one year of entry of the judgment or order at issue. While Robinson is time-barred from seeking reconsideration under Rule 59(e), his filing is timely under Rule 60(b).

motion that attacks a defect in the federal habeas proceeding is not a successive petition but a motion which attempts to introduce "newly discovered evidence" or argues that a "subsequent change in substantive law" justifies relief, does constitute a successive habeas petition. *Id.* at 531.

No judge is required to entertain a habeas petition if the legality of the detention has already been determined on a prior application for a writ of habeas corpus unless the successive motion meets statutory requirements. 28 U.S.C. § 2244(a). Successive habeas petitions must be certified by the appropriate court of appeals. *See* 28 U.S.C. § 2255(h).

Interpreting Robinson's pro se filing liberally, he makes three primary arguments for relief as well as several passing references to other issues. Robinson argues that in 2016, Attorney Patchen could not adequately represent him because Robinson had fired Patchen as his representative in a previous case in 2004. Second, because it is possible for bank robbery alone to not constitute a crime of violence, Robinson believes he was improperly sentenced as a career offender. Third, Robinson argues that certain drug laws have changed since his prior conviction in 1994 and thus they are no longer valid predicates for a career offender designation. Finally, Robinson asserts his sentence should be reduced because of systemic racism, police corruption, drug addiction, and unspecified new evidence demonstrating impropriety by the attorney and judge at sentencing.

All these arguments are attempts to introduce new evidence that Robinson's sentence violates the Constitution and/or laws of the United States and can only be raised through the habeas process. *See* 28 U.S.C. § 2255(a), (h). These arguments also echo those brought and adjudicated in Robinson's first habeas petition. Robinson's arguments are "claims," and must be treated as unauthorized successive habeas petitions. *Gonzalez*, 545 U.S. at 531. For a Rule 60(b) motion to be successful under Robinson's circumstances, it must be directed at a defect in the habeas process

and this motion is not.

**CONCLUSION**

Robinson's previous habeas corpus petition was denied, and Robinson has not received certification from the Third Circuit to file a successive petition. This Court, therefore, has no jurisdiction to hear his claims and to the extent that any of Robinson's claims may be considered new ones, he must first present them to the Circuit Court for certification in accordance with 28 U.S.C. § 2255(h). Robinson's motion is therefore denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

Juan R. Sánchez,   C.J.