IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 16-144 |
| | : | |
| DAVID ROBINSON | : | |

**Judge Juan R. Sánchez**                                                                                                                               **May 29, 2025**

      David Robinson seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. He also argues a sentence reduction is warranted because his career offender classification is invalid based on developments in the law since his sentencing. Because Amendment 821 does not have the effect of lowering Robinson's applicable guideline range, and because his arguments regarding his career offender classification do not provide a basis for relief under § 3582(c)(2), the motions must be denied.

**BACKGROUND**

      In May 2019, Robinson pled guilty to two counts of bank robbery pursuant to a written plea agreement. At sentencing, the Court adopted the guideline calculation in Robinson's Presentence Investigation Report (PSR). ECF No. 136 at 7. Based on a prior Pennsylvania state court conviction for possession with intent to deliver a controlled substance and a prior federal conviction for bank robbery, Robinson was determined to be a career offender under U.S.S.G. § 4B1.1(a). PSR ¶¶ 36 & n.1, 41, 44, 48. As a result of the career offender designation, the PSR assigned Robinson a total offense level of 29, which included a three-level reduction for Robinson's timely acceptance of responsibility. PSR ¶ 29. The career offender designation also affected Robinson's criminal history category. The PSR assigned him 11 criminal history points, including two "status points" for committing the offenses in this case while on supervised release in another federal criminal case. PSR ¶¶ 46-47. A criminal history score of 11 ordinarily translates

to a criminal history category of V.  Because Robinson was a career offender, however, his criminal history category was VI pursuant to U.S.S.G. § 4B1.1(b).  PSR ¶ 48; *see also* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  With an offense level of 29 and criminal history category of VI, Robinson's applicable guideline range was 151 to 188 months.  PSR ¶ 87.  In August 2019, the Court sentenced Robinson to 151 months.  Judgment 2, ECF No. 104.

**DISCUSSION**

Robinson now seeks a sentence reduction based on 18 U.S.C. § 3582(c)(2) and Amendment 821.  Section 3582(c)(2) permits a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  A court may grant a sentence reduction under § 3582(c)(2) only (1) if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (2) "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The applicable policy statement is set forth in U.S.S.G. § 1B1.10, which "contains its own, more specific requirements for a sentencing reduction."  *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017).  To qualify for a sentence reduction under that provision, the defendant must rely on an amendment to the Sentencing Guidelines that the Sentencing Commission has made retroactive, and the amendment in question must "have the effect of lowering the defendant's applicable guideline range."  *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)).  To determine whether an amendment has the required effect, the court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect

at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). In making this determination, the court may "substitute only the [relevant amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced," leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment has the effect of lowering the defendant's applicable guideline range, then the court must consider any applicable § 3553(a) factors and determine whether, in its discretion, to grant a sentence reduction. *Dillon*, 560 U.S. at 827. Except in limited circumstances not applicable here, the court may not reduce a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Robinson seeks a sentence reduction based on Part A of Amendment 821, which made two changes concerning criminal history "status points"—i.e., points added if the defendant committed the offense of conviction while under another sentence. The Amendment eliminated status points for defendants with six or fewer criminal history points and reduced the number of status points that may be assigned for defendants with seven or more criminal history points from two to one. *See* U.S.S.G. Supp. to App. C, Amend. 821. Although Amendment 821 applies retroactively, *see* U.S.S.G. § 1B1.10(d), it does not have the effect of reducing Robinson's guideline range. Applying the Amendment, Robinson would receive only one status point, reducing his criminal history score from 11 to 10. But because Robinson would still be a career offender, he would remain in criminal history category VI, and his guideline range would thus remain the same. As a result, Robinson is not eligible for a sentence reduction based on § 3582(c)(2) and Amendment 821. *See United States v. Jarmon*, No. 24-2681, 2025 WL 40854, at *1 (3d Cir. Jan. 7, 2025) (holding a defendant whose "criminal-history category of VI was based not on status points, but

3

rather on his designation as a career offender" was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 821).

Robinson also challenges his career offender designation, arguing one or both of the offenses used to support the enhancement no longer qualifies as a valid predicate offense. As the Government notes, however, this argument is outside the limited scope of a § 3582(c)(2) proceeding. In determining whether a defendant is eligible for a sentence reduction under § 3582(c)(2), a court may only consider the impact of the retroactive amendment (or amendments) on the defendant's guideline range while leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Amendment 821 did not alter the career offender guideline—and Robinson does not identify any other retroactive guideline amendment that did. Accordingly, his arguments regarding his career offender predicates are not a basis for relief. *See Dillon*, 560 U.S. at 831 (holding relief under § 3582(c)(2) was properly denied where defendant sought to correct aspects of his sentence that were not affected by the relevant guideline amendment); *United States v. Hamilton*, No. 22-11598, 2022 WL 16845149, at *4 (11th Cir. Nov. 10, 2022) (holding a defendant's challenge to his career offender designation under current law was "outside the limited scope of a § 3582(c)(2) proceeding" based on Amendment 782, which did not alter the career offender guideline).

Moreover, Robinson has not shown he would not be classified as a career offender under current law in any event. As Robinson acknowledges, the offense of bank robbery under 18 U.S.C. § 2113(a) "categorically qualifies as a crime of violence under § 4B1.2(a)(1)'s 'elements' clause," and therefore remains a crime of violence even under the current career offender guideline, from which the residual clause has been deleted. *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018); *see* U.S.S.G. Supp. to App. C, Amend. 798 (amending U.S.S.G. § 4B1.2(a)(2) to eliminate

the residual clause in the definition of the term "crime of violence"). And Robinson has not shown his state court conviction for possession with intent to deliver a controlled substance in violation of 35 Pa. Stat. § 780-113(a)(30)—an offense Robinson himself characterizes as having involved 28 grams of crack cocaine, ECF No. 215 at 2; *see also* PSR ¶ 41—would no longer qualify as a "controlled substance offense" under the career offender guideline today. *Cf. United States v. Hurtt*, 105 F.4th 520, 525 (3d Cir. 2024) (holding a Pennsylvania conviction under § 780-113(a)(30) for possession of cocaine base with intent to deliver constitutes a "controlled substance offense" under § 4B1.2(b)(1)).

Finally, Robinson argues the three criminal history points he received for his 2002 Pennsylvania aggravated assault conviction should be eliminated because, as the PSR acknowledges, the offense does not qualify as a predicate for the career offender enhancement. PSR ¶¶ 43, 48 n.3. Robinson maintains that because offense does not qualify as a "crime of violence" under the career offender guideline, the court cannot view it as a felony. ECF No. 218 at 2. This argument is incorrect. An offense need not qualify as a "crime of violence" to count toward a defendant's criminal history score. *See* U.S.S.G. § 4A1.2(c) (providing that "[s]entences for all felony offenses are counted"). Nor is the sentence too old to count as it was imposed in September 2002, within 15 years of Robinson's commission of the offenses in this case in March 2016. *See* U.S.S.G. § 4A1.2(e)(1) (providing that any prior sentence of imprisonment exceeding one year and one month imposed within 15 years of the defendant's commencement of the instant offense or resulting in the defendant being incarcerated during any portion of that 15-year period is counted). Moreover, even if the aggravated assault conviction were excluded from Robinson's criminal history calculation, his criminal history category would remain the same, as he would still

be a career offender based on his drug and bank robbery convictions. Because Robinson is not eligible for a sentence reduction under § 3582(c)(2), his motions are denied.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.